# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| JACINTO GONZALEZ RAMIREZ, | Case No. 5:26-cv-04107-DFM |
| Petitioner, | ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| MARKWAYNE MULLIN, et al, | |
| Respondents. | |

## I.   INTRODUCTION

Petitioner Jacinto Gonzalez Ramirez, a native and citizen of Guatemala, is detained in the custody of the Department of Homeland Security ("DHS") at the Desert View Facility of the Adelanto ICE Processing Center in Adelanto, California. On July 22, 2026, Petitioner, proceeding through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. See Dkt. 1 ("Petition").

The Petition seeks a writ of habeas corpus ordering Respondents to immediately release Petitioner or, alternatively, provide him with a prompt individualized bond hearing before a neutral Immigration Judge ("IJ") within seven (7) days at which the Government bears the burden of proof and the IJ must consider less restrictive alternatives to detention. See id. at 11-12.

On July 29, 2026, Respondents filed an Answer. See Dkt. 7 ("Answer"). The Court finds it unnecessary to wait for Petitioner's reply before issuing this Order. For the reasons stated below, the Petition is **GRANTED IN PART**. Respondents are **ORDERED** to release Petitioner from custody unless he is provided with an individualized custody redetermination hearing before an IJ under 8 U.S.C. § 1226(a) within seven (7) days.

## II.   BACKGROUND

Petitioner is a native and citizen of Guatemala. See Petition ¶ 1. Petitioner alleges that he entered the United States without inspection in 2010. See id. Petitioner alleges that he resides in Riverside, California and is married with one United States citizen child. See id.

U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner while he was driving to work on July 9, 2026. See id. Petitioner alleges that Respondents have held him "virtually incommunicado," that he was "denied contact with the outside world for the first two days of his incarceration, including from family and counsel, and since then has been permitted only one fifteen-minute conversation with his attorney." Id. Petitioner alleges that his detention is governed by 8 U.S.C. § 1226. See id. at 8-9.

In their Answer, Respondents state that Petitioner "appears to be a member of the Bond Eligible Class" certified in Maldonado Bautista v. Santacruz and acknowledge that his claim "appears to be subject to the Bautista judgment," which remains in effect in this District. Answer at 2. Respondents contend that Petitioner is "at most" entitled to a bond hearing before an IJ under § 1226(a). See id. Respondents argue that "given this is Petitioner's first time in ICE detention, any claim that he has a vested liberty interest in staying out of detention fails." Id. at 3.

2

## III.   DISCUSSION

A district court may grant a writ of habeas corpus to a person who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Noncitizens may invoke § 2241 to challenge the lawfulness of their immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).

### A.   Petitioner Is a *Bautista* "Bond Eligible Class" Member

In Maldonado-Bautista v. Santacruz, 813 F. Supp. 3d 1084, 1127 (C.D. Cal. 2025), a district court certified a "Bond Eligible Class" of: "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." Respondents acknowledge that Petitioner "appears to be a member of the Bond Eligible Class" and that his claim "appears to be subject to the Bautista judgment." Answer at 2. As Respondents also acknowledge, the Ninth Circuit has provided that the Bautista judgment remains in place as to the Central District of California. See id.

Petitioner fits the class definition. The undisputed allegations in the Petition indicate that Petitioner entered the United States without inspection over fifteen years ago. See Petition ¶ 1. There is no indication that Petitioner was apprehended upon arrival; Respondents state that "this is Petitioner's first time in ICE detention." Answer at 3. Nothing in the record indicates that at the time DHS made its initial custody determination on July 9, 2026, Petitioner was subject to detention under §§ 1226(c) (criminal grounds) or 1225(b)(1). Nor is Petitioner subject to detention under § 1231; Petitioner's removal proceedings are ongoing. See Johnson v. Guzman Chavez, 594 U.S.

3

523, 533-34 (2021) ("The parties agree that § 1226 governs the detention of aliens until § 1231's 'removal period' begins."); see also https://acis.eoir.justice.gov/en/ (search A-Number: "221-462-796," Nationality: "Guatemala") (last accessed July 29, 2026) (noting Petitioner's "case is pending" with an internet-based master hearing scheduled before IJ Darin Flagg on July 31, 2026).

Thus, Petitioner appears to be entitled to a prompt bond hearing under the Bautista judgment. The Court will order "what Courts in this District have generally ordered in similar cases, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days." Answer at 3.

**B.    Petitioner Is Not Entitled to Immediate Release**

Petitioner seeks immediate release. See Petition at 11-12 (Prayer for Relief). On this record, the appropriate remedy is the prompt hearing that the Bautista judgment already guarantees, rather than release.

The decisions of this District ordering immediate release have arisen overwhelmingly from re-detention: a noncitizen previously released by the government (on parole, bond, recognizance, or an order of supervision) who complied with the conditions of release, often for years, and was then re-arrested without notice, typically at a scheduled check-in. See, e.g., Morales v. Warden, Adelanto Det. Facility, No. 26-01786, 2026 WL 1105036 (C.D. Cal. Apr. 17, 2026) (ordering release where the petitioner had been paroled into the United States years prior, complied with the conditions of her release, and was re-arrested at a scheduled ICE check-in); Wang v. Semaia, No. 26-203, 2026 WL 258440, at *1-2, 7 (C.D. Cal. Jan. 29, 2026) (ordering release where the petitioner had lived on an order of supervision for some sixteen years in full compliance before being re-detained at a scheduled "case review" appointment; the court likewise ordered release). Here, nothing in the record

4

indicates that Petitioner was previously detained or released by immigration authorities.

Accordingly, the Court will deny Petitioner's request for immediate release without prejudice. Nothing forecloses a future petition addressed to materially changed circumstances, including any claim of a reviewable question arising from the conduct of the hearing itself or from prolonged detention. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1213-14 (9th Cir. 2022) (leaving open the possibility of an as-applied challenge to detention under § 1226(a)).

**C.**     **Allocation of Burden of Proof**

Petitioner requests a bond hearing at which the Government would bear the burden of proving dangerousness or flight risk by clear and convincing evidence, and at which the IJ must consider less restrictive alternatives to detention. See Petition at 11-12. Under § 1226(a) and its implementing regulations, the noncitizen bears the burden at a custody redetermination hearing of demonstrating that they are neither a danger to the community nor a flight risk. See 8 C.F.R. §§ 1003.19, 1236.1(c)(8); see also Rodriguez Diaz, 53 F.4th at 1210-12 (describing the § 1226(a) proceeding at which the detainee bore the burden of proving that he was not a flight risk or a danger to the community). Ultimately, the allocation of the burden and the standard of proof at the § 1226(a) hearing are, in the first instance, matters for the immigration court under the laws and procedures ordinarily governing custody redetermination.

**IV.     CONCLUSION**

IT IS THEREFORE ORDERED that the Petition is **GRANTED** in part. Respondents shall release Petitioner (A-Number: "221-462-796") from custody unless he is provided with a custody redetermination hearing before an IJ pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order.

Petitioner's request for immediate release is **DENIED** without prejudice as set forth above. Respondents are **ORDERED** to file a notice of compliance within three (3) court days of the hearing or of Petitioner's release, whichever occurs first.


Date: July 30, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge

6